In re White, Stella Havkin, counsel for appellant Devon Jermell White. Well, you're last, but look on the bright side. You don't have to reserve any time. Yes, that's true. That's true. I actually notified Judge Saltzman that I might be late. I have a one o'clock with Judge Saltzman, but I'll be fine. All right. Go ahead and make your appearance. Stella Havkin on behalf of appellant. I've never been by myself. Well, that's kind of different. So this is a interesting issue. I've never had to address it before. So and I appear in front of Judge Basin every Tuesday. So this is pretty much of an unusual set of circumstances. As you've read, there are two grounds for the appeal. One is what we assert is a lack of due process because the order was issued under the wrong code section. Can I can I give you a little feedback and maybe speed things up a bit? I think you're going to profitably spend your time on the second issue. Yes. Which is what was the source of the authority to just basically dismiss a seven. Correct. And go ahead and give us your best thoughts about that, if you would. That's going to be very helpful. Absolutely. The code provides very few sections under which provisions under what you can dismiss for. They're technical. There's three of them. I mean, one of them is is basically, you know, you don't show up, you don't provide documents and whatever. We don't have any of that. We had 17 days in the chapter seven. I provided documents to the trustee. Nothing's happened. So it cannot be anything that happened in the chapter seven. And the code provides is under this chapter. 707 says under this chapter, doesn't say anything about chapter 11, chapter 13 or anything of the sort under this chapter. So what happened in this chapter? Nothing. Nothing happened in this chapter. The case was converted. Can I sort of rephrase it and play it back and see if we're on the same page? Yeah. That there was an 11. Judge Basin expressed his concerns about what he believed to be deficiencies. He in dismissing the seven, he seemed to focus. I think you're right, really, on what he had seen as the prior conduct that in his view was less than candid. But what I think you're telling me in the last point is that the reasons to dismiss a seven are all forward looking. Right. The obligations for a chapter seven debtor are forward looking. Correct. Right. I mean, you do these things so people know what your financial condition is and what your assets and liabilities are. So the trustee can manage them. Right. And there's certainly a law in the Ninth Circuit and not every circuit goes this way. That is very hard to dismiss a seven for bad faith based on alleged pre seven conduct. So that's I mean, that's where I'm beginning the thought process. So go ahead. And I agree with you 100 percent. There is no requirement of good faith in a chapter seven. Yeah, there is. If you act badly in a chapter seven, there are remedies. You can file a seven. Twenty seven. Sure. Sure. Five. Then you can file a creditor can file a five. Twenty three. And most of the time we see debtors trying to get out of a chapter seven that, you know, that they erroneously filed or the U.S. can file a 707 B, but a 707 A is so limited. And Judge Basin relied on saying that it's a delay to creditors. We were there three months. Three months. Motions to avoid liens were filed. There was equity created for the for the state. There was a car that could have been sold. There was a truck. There was reasons to convert to chapter seven. This said, oh, well, I disagree with Judge Basin. I think he got the wrong end. And on this debtor, he wasn't hiding it. Yes, he was unemployed at the time we filed. He got a job within a month. A good paying job. He couldn't provide all the disclosures that he could. But we fight. We had a buyer buyer backed out. No buyer. You know, can't provide him the judge of what disclosures he wants for a chapter 11. You know what? Call it a day. Go to chapter seven. Let's get the trust. We'll buy back equity from these from the trustee in the car and see what we can do. Then we get a dismissal on the grounds that you weren't fully forthcoming with your commissions or whatever. I don't know what else we could have done because I was at the job for two weeks. What can we do? And so said, OK, and every debt debtors in this kind of debtors entitled to discharge four million dollars worth of business debt. There is no no evidence in the in the record that the debtor didn't hit cash, hit jewelry. Yeah, I don't think we think anything like. Yeah. Let me let me suggest that there is no record along those lines. So I don't want to argue about that. Neither do you, I don't think. I think what we're really interested in is keeping it out. What what would the source of authority have been, if any, to dismiss the seven? And it's I mean, where I think we're going with this is the Ninth Circuit tells us good faith is not really an issue. Ray, filing a seven. There are other remedies. I mean, and they also include make a referral if things are really bad. Right. I mean, there are bankruptcy crimes that can be pursued. And to the extent there's that what Judge Mason might have had in mind was something Marama like. My suspicion is that wouldn't play as well when you're going from the wholly unrestricted 11 venue to a fairly restricted seven. I don't know that it fits. If you want to address any of that, feel free. It's I think, in fact, it is a the chapter seven is a much better ground. If you suspect a debtor doing something funny, you've got a chapter seven trustee who is supervised by the USD. You've got everybody looking at it, going provide me with everything under the sun. And the trustee can then determine if there have been, you know, fraudulent transfers, preferences, whatever. There's nothing of the sort. In fact, we're going to a restricted. And the reality is no creditor appeared and said, you know, oh, this debtor's delaying thing. There was no relief from stay. Nothing. We weren't there for three months. That's it. It is it is possible that he could have dismissed for unreasonable delay after the case was converted, if there was evidence to suggest that the debtor was purposely somehow not cooperating with the trustee. That's not what this was based on, though. It was based on all of the activities that occurred in the 11 that he didn't believe were fair or reasonable on behalf of the debtor. And that's what he brought as the basis for the dismissal of the chapter seven. Correct. And what Judge Lafferty said is the Ninth Circuit says you can't look back. You have to do something looking forward. And in the seven. And that happens after the conversion. Correct. And there are remedies in seven for those kinds of things. Correct. So you just think it was premature and should be reinstated. In the meantime, I think both his prohibition order. It's lapsed. Right. It ran March 12th. Right. But I think we issued a stay here. Right. You. He issued a stay as well. But I was pretty shocked about it. Let us get to let us get to hear. Right. Correct. Right. So there's a stay. There's been there is a stay in place. There's a stay in place. And the debtor's house is not being foreclosed upon and child support is being paid. So so far, so good. OK. I don't have anything else to add. So you want us to reverse the. Yes, I do. Because I don't need another attempt to do this again. Anything else? No. Good luck with that. Thank you very much. Thank you. I'll make it. Yeah. I've got plenty of time to blame us. I'm sure Chuck. Chuck. I blame the purpose about the. OK. The form of the discharge. OK. Thank you. All rise. The session adjourned. Thank you. All rise. The session is now adjourned.
judges: Lafferty, Spraker, and Gan